UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: _____

PEDRO GARAY, on behalf of himself
and all others similarly situated,

    Plaintiff,
v.                                                                                      **CLASS ACTION COMPLAINT**

SELECT PORTFOLIO SERVICING, INC.,                      **JURY DEMAND**
a Utah Corporation,

    Defendant.
_____/

### CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Pedro Garay brings this action, on behalf of himself and all others similarly situated, against Defendant Select Portfolio Servicing, Inc. ("SPS") and states:

### NATURE OF ACTION

1. Plaintiff Pedro Garay is the owner of a house at 3730 SW 26th Terrace, Miami, Florida 33134, which is subject to a mortgage serviced by SPS. SPS has a uniform practice of charging illegal and improper "processing fees" when payments on the mortgage are made over the phone or online, although neither the mortgage nor Florida Law authorizes those fees. SPS has charged these "processing fees" to Plaintiff, who has paid them. Accordingly, Plaintiff seeks relief for himself and all others similarly situated for violations of the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. §§ 559.55 *et seq.*, for breach of contract, and for unjust enrichment.

### PARTIES

2. Plaintiff is a citizen and resident of Miami-Dade County, Florida and owns property located at 3730 SW 26th Terrace, Miami, Florida 33134.

3. Defendant SPS is an entity existing and incorporated pursuant to the laws of Utah with its principal place of business in Salt Lake City, Utah, and an office in Jacksonville, Florida. Defendant is therefore a corporate citizen of Utah. Defendant is amenable to service of process c/o Corporation Service Company, 1201 Hays Street, Tallahassee, Florida 32301.

## JURISDICTION AND VENUE

4. Plaintiff has standing to bring a claim under the FCCPA because he was directly affected by violations of the FCCPA, was subjected to Defendant's illegal and improper debt collection activities, and suffered injury in fact as a direct consequence of Defendant's illegal and improper debt collection activities, in the form of unlawful "processing fees" paid.

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2)(A) because this is a class action for a sum exceeding $5,000,000.00, exclusive of interest and costs, and in which at least one class member is a citizen of a state different than SPS.

6. This Court has personal jurisdiction over SPS because SPS is authorized to do business and is conducting business throughout the United States, including in Florida. SPS services mortgages in the United States, including Florida, and has sufficient minimum contacts with this State and/or sufficiently avails itself of the markets of the various states of the United States, including Florida, to render the exercise of jurisdiction by this Court permissible.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because this action concerns a mortgage on real property in the Southern District of Florida and a substantial part of the events giving rise to Plaintiff's claims took place in the Southern District of Florida.

## FACTUAL ALLEGATIONS

8. Plaintiff purchased his home at 3730 SW 26th Terrace, Miami, Florida 33134. Plaintiff financed this purchase with a mortgage that was entered into on August 31, 2007. A copy of the mortgage is attached as Exhibit A (the "Mortgage").

9. The Mortgage came to be serviced or owned by SPS on September 1, 2017. The Mortgage does not provide for charging processing fees for making payments online or over the phone. Furthermore, such processing fees are not authorized by Florida state law.

10. On September 1, 2017, Plaintiff was charged a $10.00 "processing fee" for making a mortgage payment to SPS over the phone. From April 2018 through August 2019, inclusive, Plaintiff paid his mortgage online and was charged a $5.00 "processing fee" for each of those seventeen payments. The "processing fee" is reflected as "EZ PAY FEE" on Plaintiff's mortgage statements.

11. Where, like here, neither the contract creating the debt nor any law authorizes the charging of processing fees, such as those charged by SPS, such fees have been held unlawful

because they violate the FCCPA when the debt collector retains any portion of the fee instead of passing the entire fee through to the payment processor.

12. SPS does not pass the entire fee to a payment processor and instead retains a considerable portion thereof. SPS fails to mention any third-party payment processor in any documentation available to Plaintiff, including his payment history and Defendant's website. It is well known in the payment processing industry that third-party processors such as Western Union charge a small fraction of the amounts SPS charges as "processing fees." Defendant's records will demonstrate the exact amount SPS retains for each processing fee charged.

## CLASS ACTION ALLEGATIONS

13. As detailed below in the individual counts, Plaintiff brings this lawsuit on behalf of himself and all others similarly situated, pursuant to Rule 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

### A. Class Definitions

14. Plaintiff seeks to represent the following 3 "Florida Classes":

**FCCPA SUBCLASS:** All individuals in the state of Florida who, during the applicable limitations period, paid a processing fee to SPS for paying over the phone or online in connection with any residential mortgage loan owned or serviced by SPS. All employees of SPS, the Court, and Plaintiff's counsel are excluded from this class.

**BREACH OF CONTRACT SUBCLASS:** All individuals in the state of Florida who, during the applicable limitations period, paid a processing fee to SPS for paying over the phone or online in connection with any residential mortgage loan owned or serviced by SPS. All employees of SPS, the Court, and Plaintiff's counsel are excluded from this class.

**UNJUST ENRICHMENT SUBCLASS:** All individuals in the state of Florida who, during the applicable limitations period, paid a processing fee to SPS for paying over the phone or online in connection with any residential mortgage loan owned or serviced by SPS. All employees of SPS, the Court, and Plaintiff's counsel are excluded from this class.

15. Plaintiff reserves the right to modify or amend the definition of the proposed Class before or after the Court determines whether such certification is appropriate as discovery progresses.

### B. Numerosity

16. The Class is comprised of hundreds, if not thousands, of customers throughout the state of Florida, many of whom pay online or over the phone. The Class is so numerous that joinder of all members of the Class is impracticable. The precise number of class members is unknown to Plaintiff, but is easily identifiable through Defendant's records.

### C. Commonality/Predominance

17. This action involves common questions of law and fact, which predominate over any questions affecting individual class members. These common legal and factual questions include, but are not limited to, the following:

   (a) whether SPS's practice of charging a "processing fee," which is not authorized by contract or any provision of existing law, violates the FCCPA;

   (b) whether SPS's practice of charging a "processing fee," which is not authorized by contract or any provision of existing law, constitutes a breach of Plaintiff and the class members' mortgage contracts;

   (c) whether SPS has been unjustly enriched at the expense of Plaintiff and the Class members as a result of SPS's charging and collection of "processing fees," which are not authorized by contract or existing law;

   (d) whether Plaintiff and Class members have sustained monetary loss and the proper measure of that loss; and

   (e) whether Plaintiff and Class members are entitled to other appropriate remedies, including injunctive relief.

### D. Typicality

18. Plaintiff's claims are typical of the claims of the members of the Florida Classes because, *inter alia*, all Class members were injured through the uniform misconduct described above, all members of the Florida Classes have mortgages serviced by SPS just like Plaintiff, and Plaintiff is advancing the same claims and legal theories on behalf of himself and all Class Members. It is well known in the mortgage industry that mortgages generally do not expressly authorize processing fees to be charged in order to make a payment online or over the phone.

### E. Adequacy of Representation

19. Plaintiff will fairly and adequately protect the interests of the members of the Class. Plaintiff has retained counsel experienced in complex consumer class action litigation, and Plaintiff intends to prosecute this action vigorously. Plaintiff has no adverse or antagonistic interests to those of the Florida Classes. Plaintiff anticipates no difficulty in the management of this litigation as a class action. To prosecute this case, Plaintiff has chosen the undersigned law

firms, which have the financial and legal resources to meet the substantial costs and legal issues associated with this type of consumer class litigation.

### F. Requirements of Fed. R. Civ. P. 23(b)(3)

20. The questions of law or fact common to Plaintiff's and each Class member's claims predominate over any questions of law or fact affecting only individual members of the Class. All claims by Plaintiff and the unnamed Class members are based on the common course of conduct by SPS to charge illegal "processing fees" to Plaintiff and the unnamed Class members.

21. Common issues predominate when, as here, liability can be determined on a class-wide basis, even when there will be some individualized damages determinations.

22. As a result, when determining whether common questions predominate, courts focus on the liability issue, and if the liability issue is common to the Class as is in the case at bar, common questions will be held to predominate over individual questions.

### G. Superiority

23. A class action is superior to individual actions in part because of the non-exhaustive factors listed below:

(a) Joinder of all Class members would create extreme hardship and inconvenience for the affected customers as they reside throughout the country;

(b) Individual claims by Class members are impractical because the costs to pursue individual claims exceed the value of what any one Class member has at stake. As a result, individual Class members have no interest in prosecuting and controlling separate actions;

(c) There are no known individual Class members who are interested in individually controlling the prosecution of separate actions;

(d) The interests of justice will be well served by resolving the common disputes of potential Class members in one forum;

(e) Individual suits would not be cost effective or economically maintainable as individual actions; and

(f) The action is manageable as a class action.

### H. Requirements of Fed. R. Civ. P. 23(b)(2)

24. SPS has acted and refused to act on grounds generally applicable to the classes by engaging in a common course of conduct by SPS to charge illegal "processing fees" to Plaintiff and the unnamed Class members, thereby making appropriate final injunctive relief with respect to the classes as a whole.

## COUNT I
### For Violations of the Florida Consumer Collection Practices Act,
### § 559.55, Florida Statutes, *et seq.*
### (On behalf of Plaintiff and Members of the Florida Classes)

25. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1–24 as if fully set forth herein.

26. This cause of action is brought pursuant to the Florida Consumer Collection Practices Act, section 559.55, Fla. Stat., *et seq*. ("FCCPA").

27. At all times material, Plaintiff and the members of the Florida Classes were "debtors" or "consumers" as defined in section 559.55(8), Florida Statutes, because each was a natural person obligated to pay the mortgage debts at issue.

28. At all times material, the Plaintiff's and the Florida Classes' debts were "debts" or "consumer debts" as defined in section 559.55(6), Florida Statutes, because they were each an obligation of a consumer to pay money arising out of a transaction in which the property that was the subject of the transaction was primarily for personal, family, or household purposes.

29. Section 559.72(9) provides that "[i]n collecting consumer debts, no person shall [c]laim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist."

30. The "processing fees" charged to Plaintiff and members of the Florida Classes were incidental to the consumer debts.

31. However, Defendant had no legal right to seek collection of (or to actually collect) any "processing fees" from Plaintiff and members of the Florida Classes. Defendant had and still has the underlying contracts in its possession, custody or control, which do not expressly authorize the "processing fees," and Defendant therefore had actual knowledge that is had no legal right to collect the processing fees.

32. Defendant had actual knowledge that the "processing fee" is not authorized by the mortgage contracts of Plaintiff and the members of the Florida Classes or by Florida law, and therefore knowingly violated Section 559.72(9), Florida Statutes, by claiming and attempting to enforce a debt which was not legitimate and not due and owing.

33. As a direct and primary result of Defendant's FCCPA violations, Plaintiff and others similarly situated have been harmed. Plaintiff and the Class members are entitled to actual

damages, statutory damages, declaratory and injunctive relief, and attorney's fees and costs pursuant to Fla. Stat. § 559.77(2).

## COUNT II
### Breach of Contract
### (On behalf of Plaintiff and Members of the Florida Classes)

34. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1–24 as if fully set forth herein.

35. Plaintiff's mortgage contract and the mortgage contracts of members of the Florida Classes do not provide for or authorize a "processing fee."

36. Defendant, in servicing the mortgage loans of Plaintiff and members of the Florida Class, sought to collect, and did in fact collect from Plaintiffs and members of the Florida Cass, a "processing fee" not provided for or authorized in the mortgage contracts.

37. In collecting a "processing fee" not authorized or agreed to in the mortgage contracts, Defendant breached the mortgage contracts.

38. As a direct and proximate result of Defendant's breach, Plaintiff and members of the Florida Classes suffered actual damages, in the form of payment of non-contractual "processing fees."

## COUNT III
### Unjust Enrichment
### (On behalf of Plaintiff and Members of the Florida Classes)

39. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1–24 as if fully set forth herein.

40. Plaintiff pleads this count for unjust enrichment in the alternative to his count for breach of contract.

41. SPS charged Plaintiff and members of the Florida Classes a "processing fee" for payments made on their debts, and such fee was not authorized under the mortgage contracts entered into or by Florida law.

42. Plaintiff and consumers in the Florida Classes conferred upon SPS non-gratuitous payments of the "processing fees." SPS appreciated, accepted and/or retained, in whole or in part, the non-gratuitous benefits conferred by Plaintiff and members of the Florida Class, with full

knowledge and awareness that the "processing fees" were not authorized by the mortgage contracts or by Florida law.

43. SPS profited from its unlawful collection and retention of the "processing fees" it charged at the expense of Plaintiff and members of the Florida Class, under circumstances in which it would be unjust for SPS to be permitted to retain the benefit. Under common law principles of unjust enrichment, SPS should not be permitted to retain the benefits of this unjust enrichment.

44. Because SPS's retention of the non-gratuitous benefits conferred by Plaintiff and members of the Florida Classes is unjust and inequitable, Plaintiff and members of the Florida Classes are entitled to, and hereby seek disgorgement and restitution of SPS's wrongful profits, revenue, and benefits in a manner established by the Court.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for a judgment:

a. Certifying the Florida Classes as requested herein;

b. Awarding Plaintiff and members of the Florida Classes actual and statutory damages;

c. Awarding restitution and disgorgement of Defendant's revenues to Plaintiff and consumers in the Florida Class;

d. Awarding declaratory and injunctive relief as permitted by law or equity, including declaring SPS's practices as set forth herein to be unlawful and enjoining SPS from continuing those unlawful practices as set forth herein, and directing SPS to identify, with Court supervision, victims of its conduct and pay them all money it is required to pay;

e. Awarding statutory damages, as appropriate;

f. Awarding attorneys' fees and costs; and

g. Providing such further relief as may be just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial as to all claims so triable.

Dated: August 8th, 2019.

                              Respectfully submitted,

By: */s/ Adam Moskowitz*

    Adam Moskowitz, Esq.
    Florida Bar No. 984280
    adam@moskowitz-law.com
    Howard M. Bushman, Esq.
    Florida Bar No. 0364230
    howard@moskowitz-law.com
    Joseph M. Kaye, Esq.
    Florida Bar No. 117520
    joseph@moskowitz-law.com
    **THE MOSKOWITZ LAW FIRM, PLLC**
    2 Alhambra Plaza
    Suite 601
    Coral Gables, FL 33134
    Telephone: (305) 740-1423

    Michael S. Budwick, Esquire
    Florida Bar No. 938777
    mbudwick@melandrussin.com
    Solomon B. Genet, Esquire
    Florida Bar No. 617911
    sgenet@melandrussin.com
    **MELAND RUSSIN & BUDWICK, P.A.**
    3200 Southeast Financial Center
    200 South Biscayne Boulevard
    Miami, Florida 33131
    Telephone: (305) 358-6363
    Facsimile: (305) 358-1221

    *Counsel for Plaintiff and the Class*